# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

JODY BARON,

*Plaintiff*,

v.

RELIASTAR LIFE INSURANCE COMPANY,

*Defendant*.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff Jody Baron, by and through her counsel of record, McDermott Law, LLC, for her Complaint against Defendant ReliaStar Life Insurance Company, states and alleges as follows:

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et. seq.*

### I. JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 29 U.S.C. §§ 1132(e) & (f).

3. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(a) & (b) and 29 U.S.C. § 1132(e)(2).

### II. PARTIES

4. Plaintiff Jody Baron is and at all times pertinent hereto was a resident of the State of Colorado.

5. Defendant ReliaStar Life Insurance Company ("ReliaStar") is a Minnesota Corporation, registered with the Colorado Division of Insurance and does business in the State of Colorado.

6. Health Inventures, LLC is the sponsor and plan administrator of the Health Inventures, LLC Long-Term Disability Plan (hereinafter "Plan") which is an "employee benefit plan" as that term is defined by 29 U.S.C. § 1002(3).

7. ReliaStar issued group insurance policy number 66602-5LTD2011 which provides long term disability insurance benefits to eligible employees of Health Inventures, LLC (hereinafter "the Policy").

8. Ms. Baron was an employee of Health Inventures, LLC and, by virtue of her employment, was a "participant" in the Plan as that term is defined by 29 U.S.C. § 1002(7), and an insured under the Policies.

9. Upon information and belief, ReliaStar is the designated claim administrator for the long-term disability Plan and makes all determinations regarding claimants' eligibility for long-term disability benefits under the Policy.

10. Defendant ReliaStar, as the insurer and underwriter of this Policy, has an obligation to pay benefits under the terms of the Policy for all approved claims.

11. If Ms. Baron is deemed entitled to disability benefits under the Policy, Defendant ReliaStar is responsible for paying any benefits due under the Policy from its own funds.

12. The ERISA statue provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Following Defendant's denial of her LTD claim, Plaintiff submitted an appeal as required.

13. Ms. Baron has exhausted her required administrative remedies and is entitled to seek the relief requested herein.

## III.     GENERAL ALLEGATIONS

14. Ms. Baron was formerly employed by Health Inventures, LLC as a Manager of Business Analytics, until she was no longer able to work.

15. In March, 2013, Ms. Baron was diagnosed with Fibromyalgia and Thoracic Outlet Syndrome from which she suffers severe pain, fatigue and cognitive decline.

16. As a result of her conditions, Ms. Baron ceased working at a full time capacity.

17. Ms. Baron's last day of full-time work for Health Inventures, LLC was March 26, 2013.

18. After completing the required elimination period, and in a timely manner, Ms. Baron presented a claim for STD benefits to ReliaStar under her employer's short-term disability (STD) plan.  Ms. Baron was assigned claim number 334925 for the STD claim.

19. The STD Policy provides weekly STD benefits in the amount of 60% of an insured's monthly pre-disability earnings, if a participant is "disabled," which is defined as follows:

> **"Disability" or "Disabled"**, with respect to Short Term Disability Policy means: ReliaStar Life's determination that a change in your functional capacity to work due to sickness or accidental injury has caused your inability to perform the essential duties of your regular occupation and as a result you are unable to earn more than 80% of your basic weekly earnings.

20. Ms. Baron's STD claim was approved by ReliaStar.  She received STD benefits from about April 11, 2013 and received benefits continuously until August 21, 2013, when all STD benefits were exhausted.

21. The STD benefits paid to Ms. Baron were approved by ReliaStar, as the claim administrator, but ultimately were paid or funded by her employer, Health Inventures, LLC.

22. When it became clear she would be unable to return to work, and prior to the end of the STD period, Ms. Baron filed a claim for long-term disability (LTD) benefits and was assigned claim number 350489.

23. The LTD Policy provides monthly LTD benefits in the amount of 60% of an insured's monthly pre-disability earnings, if a participant is "disabled," which is defined as follows:

> **"Disability" or "Disabled"**, with respect to Long Term Disability, means:
>
> You are considered disabled when we review your claim and determine that, due to your sickness or injury, both of the following are true:
>
> • You are unable to perform all the material and substantial duties of your regular occupation.
>
> • You have a 20% or more loss in your indexed monthly earnings.
>
> After the regular occupation period, you are considered disabled when we review your claim and determine that, due to your sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably qualified based on your training, education and experience.

24. By letter dated November 6, 2013, ReliaStar advised Ms. Baron it had determined she did not meet the above definition of disability "for the duration of the benefit waiting period" and therefore no LTD benefits were payable and her claim had been closed.

25. ReliaStar denied the LTD claim even though Ms. Baron's condition had not improved since ReliaStar's original determination to approve short term disability benefits in 2013.

26. On May 5, 2014, Ms. Baron submitted an appeal of ReliaStar's adverse LTD benefits determination.

27. Despite overwhelming evidence of a covered LTD claim, ReliaStar erroneously and wrongfully continued to uphold its prior determination denying Plaintiff's claim for LTD benefits when it issued its appeal decision letter dated June 26, 2014.

28. In its June 26, 2014 appeal denial, ReliaStar afforded Ms. Baron the opportunity to submit a second appeal.

29. On August 5, 2014, Ms. Baron submitted a second level appeal of ReliaStar's adverse LTD benefits determination.

30. By letter dated September 16, 2014, ReliaStar again erroneously and wrongfully continued to uphold its prior determination denying Plaintiff's claim for LTD benefits. ReliaStar advised Ms. Baron she had exhausted her right of appeal under ERISA.

31. The evidence in ReliaStar's claim file establishes that Ms. Baron continued to be disabled pursuant to the provisions of the Policy.

32. In denying the LTD claim, ReliaStar ignored all documentation and information it had available to it from Plaintiff, treating medical providers and others showing that the Plaintiff was incapable of performing her occupation.

33. Defendant ReliaStar's denial of LTD benefits is and has been in derogation of Plaintiff's rights by contract and pursuant to law.

34. Defendant's denial of LTD benefits was not a substantially justified decision, was arbitrary and capricious, was unsupported by substantial evidence, constituted abuse of any discretion allowed and was wrongful under the circumstances.

35. ReliaStar's decision to deny the insured's LTD benefits was influenced by the financial gains to be achieved by not paying Plaintiff her monthly disability insurance benefits.

36. Defendant ReliaStar suffers from a structural conflict of interest as it decides whether the claimants, under the LTD Policy, including Plaintiff, will receive benefits under the Policy and is also required to pay those benefits.

37. The claim determination by ReliaStar under the Policy is not entitled to deference because ReliaStar acted in its own financial interests, and ReliaStar does not have or maintain the neutrality or objectiveness of a fiduciary under the circumstances.

38. The claim determination by ReliaStar, under the Policy, is not entitled to deference because of serious procedural irregularities existing in the handling of Plaintiff's claim.

39. Since originally filing her claim for LTD disability benefits in 2013, Ms. Baron has been and remains disabled as that term is defined by the LTD Policy.

40. Ms. Baron is entitled to benefits retroactive to September 25, 2013 (the date ReliaStar denied her LTD benefits), and LTD benefits are due and owing through the date of judgment and through the end of the Policy period.

41. Under Colorado law, an insurance policy or plan that offers disability benefits may not contain a provision purporting to reserve discretion to the insurer, plan administrator, or claim administrator to interpret the terms of the policy, contract, or plan or to determine eligibility for benefits. C.R.S. §10-3-1116(2).

42. The statute further provides an insurance policy shall provide that a person who claims disability benefits, whose claim has been denied in whole or in part, and who has exhausted his or her administrative remedies, shall be entitled to have his or her claim reviewed *de novo* in any court with jurisdiction and to a trial by jury. C.R.S. §10-3-1116(3).

43. By its terms, the Colorado statute "regulates insurance" (C.R.S. §10-3-1116(7)) and, as such, is saved from the preemptive effects of ERISA.

44. Given the applicability of C.R.S. §10-3-1116(3), ReliaStar's adverse benefit decision should be reviewed by this Court under a *de novo* standard without any deference given to ReliaStar's decision.

## IV.   CLAIM FOR RELIEF
### (Claim for Benefits Due – ERISA Section 502(a)(1)(B))

45.   ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) provides a plan participant such as Plaintiff with a right to file a civil action to recover benefits due under the terms of a plan, to enforce her rights under the terms of the plan and/or to clarify rights to future benefits under the terms of a plan.

46.   The evidence presented to Defendant establishes that Ms. Baron has been continuously disabled under the terms of the Policy from the date benefits began through present, and into the future.  She is entitled to payment of the past-due long-term disability benefits available to her under the terms of the Plan and Policy.

47.   At all relevant times, Ms. Baron has been entitled to long-term disability benefits under the Plan and Policy.  By denying her claim for benefits, and by related acts and omissions, Defendant ReliaStar has violated, and continues to violate, the terms of the LTD Plan and Policy.

48.   Pursuant to 29 U.S.C. § 1132(g), Ms. Baron is entitled to an award of her reasonable attorneys' fees and costs incurred in bringing this action.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant, and that the Court provide relief against Defendant as follows:

a) Declare that Plaintiff is disabled within the meaning of the Policy and is entitled to long-term disability benefits under the Defendant's Plan and Policy;

b) Order ReliaStar to pay past-due long-term disability benefits to Ms. Baron from the date benefits became due through the date of judgment, together with statutory interest on each monthly payment from the date it became due to the date to the end of the policy period;

c) Order the Defendant to pay Ms. Baron the costs of the suit herein, and reasonable attorneys' fees, pursuant to ERISA Section 502(g)(1), 29 U.S.C. § 1132(g);

d) Determine and then declare that Ms. Baron is entitled to receive benefits for so long as she continues to meet the terms and conditions in the Plan for receipt of benefits; and

    e) Provide such other and further equitable relief as this Court deems just and proper.

<b>Plaintiff Hereby Demands a Trial by Jury</b>

DATED this 15th day of January, 2015

                                                    McDERMOTT LAW, LLC

                                                    *s/ Shawn E. McDermott*

                                                    Shawn E. McDermott, #21965
                                                    2300 15th Street, Ste. 200
                                                    Denver, CO 80202
                                                    (303) 964-1800
                                                    (303) 964-1900 (fax)
                                                    *shawn@mcdermottlaw.net*

Plaintiff's Address:
1725 Daisy Court
Broomfield, CO 80020